IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Bankruptcy No. 13-23753-JAD |
| TODD HERTZBERG, | ) | |
| | ) | Adversary No. 14-2141-JAD |
| Debtor. | ) | |
| | X | Chapter 11 |
| | ) | |
| ROSEMARY C. CRAWFORD, | ) | |
| Trustee for the Bankruptcy | ) | |
| Estate of Susan Hertzberg, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| - v - | ) | |
| | ) | |
| TODD HERTZBERG, | ) | |
| | ) | |
| Defendant. | ) | |
| | X | |

## MEMORANDUM OPINION

This is a case that finds itself in a unique position. That position is a chapter 7 bankruptcy trustee filing suit against a chapter 11 debtor-in-possession. The gravamen of the dispute is that the chapter 7 trustee is seeking the turnover of $145,000 in retirement funds (the "Retirement Funds") in the possession, custody and control of the chapter 11 debtor-in-possession.[1]

---

[1] As of the petition date, Todd Hertzberg had $626,000 of Retirement Funds in his possession, custody and control. See *Schedule B*, Dkt. #14 filed at Bankruptcy No. 13-23753-JAD. This adversary proceeding concerns only $145,000 of such funds.

00014056                                -1-

Since this adversary proceeding concerns property of the bankruptcy estates, or more appropriately property of one bankruptcy estate and alleged property of the other bankruptcy estate, and since this adversary proceeding also implicates the contours of the automatic stay, this adversary is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(E),[2] (G), and (O).  This Court also has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and (e).

For the reasons set forth below, this Court concludes that the chapter 7 trustee has, at least in part, stated a claim for relief as it relates to the Retirement Funds at issue.

**I.**

The facts, as alleged by the chapter 7 trustee in the *Complaint to Turnover Retirement Funds* (the "Complaint") are not terribly complicated.  These allegations are summarized herein, albeit in a different order as alleged by the chapter 7 trustee.

Susan M. Hertzberg is the former wife of the debtor-in-possession Todd Hertzberg.  Before this Court, Mrs. Hertzberg filed her own voluntary petition under chapter 7 of the United States Bankruptcy Code.  While not stated in the

---

[2] See e.g., Beard v. Braunstein, 914 F.2d 434, 444 (3d Cir. 1990)(core turnover proceeding is where property of the estate is not properly delivered to the bankruptcy trustee). To the extent the cause of action of the chapter 7 trustee is either a non-core proceeding, see e.g., Drauschak v. VMP Holdings Ass'n, L.P., (In re Drauschak), 481 B.R. 330 (Bankr. E.D. Pa. 2012), or is a so-called "Constitutional core" matter pursuant to Stern v. Marshall, __U.S. __, 131 S.Ct. 2594 (2011), this Memorandum Opinion shall constitute this Court's proposed findings, conclusions, and report and recommendation to the United States District Court pursuant to Executive Benefits Ins. Agency v. Arkison, __ U.S. __, 134 S.Ct. 2165 (2014).

Complaint, the Court takes judicial notice of the filing and observes that her bankruptcy filing occurred on February 27, 2012 and was filed at Bankruptcy No. 12-20888-GLT.

Upon the filing of Mrs. Hertzberg's chapter 7 bankruptcy case, Ms. Rosemary C. Crawford was duly appointed trustee, charged with the duty of reducing estate assets to cash and making distributions to the creditors of the bankruptcy estate of Mrs. Hertzberg. One such asset that Mrs. Hertzberg had as of the filing of her bankruptcy case was whatever rights, title and interests she had pursuant to a Marriage Settlement Agreement dated October 5, 2010 by and between Mrs. Hertzberg and Todd Hertzberg. It is alleged that pursuant to this Marital Settlement Agreement, Mrs. Hertzberg acquired an interest in $145,000 of the Retirement Funds.

Approximately 19 months after Mrs. Hertzberg filed her chapter 7 liquidation case, on September 3, 2013, Mr. Hertzberg filed his chapter 11 reorganization case before this Court at Bankruptcy No. 13-23753-JAD. After the commencement of his chapter 11 case, the chapter 7 trustee in the case of Mrs. Hertzberg filed the above referenced Complaint alleging, *inter alia*, that:

- $145,000 of the Retirement Funds are property of the bankruptcy estate of Mrs. Hertzberg.

- The chapter 7 trustee made numerous requests that $145,000 of the Retirement Funds be turned over to the chapter 7 trustee for the benefit of the bankruptcy estate of Mrs. Hertzberg.

- The debtor-in-possession, Mr. Hertzberg, through his attorney, ignored the chapter 7 trustee's repeated turnover demands.

- and -

- Turnover of $145,000 of the Retirement Funds should be ordered by the Court pursuant to various statutes, including 11 U.S.C. §§ 541, 542, 548 and 550 and 12 Pa.C.S. §§ 5101-5110, 5104.

The Complaint filed by the chapter 7 trustee has been met with opposition by the chapter 11 debtor-in-possession. Specifically, the defendant Mr. Hertzberg filed a *Motion to Dismiss*, contending that ownership of the $145,000 of Retirement Funds has always been vested in Mr. Hertzberg, and not Mrs. Hertzberg. As such, Mr. Hertzberg contends that the $145,000 of Retirement Funds never constituted property of the bankruptcy estate of Mrs. Hertzberg, and that the chapter 7 trustee fails to plead a cause of action for turnover pursuant to 11 U.S.C. §§ 541 and 542.

The defendant also seeks to dismiss the Complaint because the Complaint fails to identify any pre-bankruptcy "transfer" of the Retirement Funds at issue. Absent an allegation of a "transfer" of property, the *Motion to Dismiss* contends that the chapter 7 trustee fails to state a claim under the Bankruptcy Code's fraudulent transfer provisions found at 11 U.S.C. §§ 548 and 550 and state law fraudulent transfer statutes found at 12 Pa.C.S. §§ 5101-5110 *et. seq.*

The defendant further seeks dismissal of this adversary proceeding, contending that the claims of the chapter 7 trustee are stayed by the statutory injunction found in the Bankruptcy Code's automatic stay provisions of 11 U.S.C. § 362(a). Alternatively, the debtor-in-possession in this case seeks to compel the chapter 7 trustee of the bankruptcy estate of Mrs. Hertzberg file a more specific

pleading.

On August 11, 2014, the Court heard oral argument on the *Motion to Dismiss*. Thereafter, the parties filed supplemental briefs along with various documents attached to them on September 18, 2014 and September 22, 2014. This matter is now ripe for decision.

**II.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure is incorporated into the Bankruptcy Rules through Federal Rule of Bankruptcy Procedure 7012. Pursuant to Rule 12(b)(6), a complaint may be dismissed by the Court for "failure to state a claim upon which relief can be granted."

In the course of deciding a motion to dismiss, the court is to review the complaint in the light most favorable to the plaintiff. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011). In addition, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), the United States Supreme Court set forth a "plausibility standard" for overcoming a motion to dismiss that requires the plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." The plausibility requirement contemplates "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Twombly, 550 U.S. at 556).

With these standards in mind, and as discussed more fully below, this Court concludes that the plaintiff has stated a claim for relief for turnover of the Retirement Funds pursuant to 11 U.S.C. §§ 541 and 542. This Court also

concludes that this cause of action should not be stayed by the automatic stay of 11 U.S.C. § 362. In addition, the Court concludes that the chapter 7 trustee has not made sufficient allegations to support a claim for relief under applicable fraudulent transfer law, whether it be under federal statutes or state statutes.

### III.

Section 541 of the Bankruptcy Code defines exactly what constitutes property of a bankruptcy estate. In its broadest sense, property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." See 11 U.S.C. § 541(a)(1).

Section 542 of the Bankruptcy Code empowers a bankruptcy trustee to compel the turnover of property of the estate when such property is in the hands of third parties. Specifically, this statute states, in pertinent part, that "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell or lease ... shall deliver to the trustee, and account for such property or the value of such property ...." See 11 U.S.C. § 542(a).[3]

In the matter *sub judice* the chapter 7 trustee contends that the $145,000 of Retirement Funds constitutes property of the bankruptcy estate of Susan Hertzberg. The debtor-in-possession, however, disputes this assertion and avers that, as a matter of law, the $145,000 of Retirement Funds constitute property of

---

[3] The term "entity" is defined in the Bankruptcy Code to include "person," and the term "person" includes "individual." See 11 U.S.C. §§ 101(13) and 101(41).

the bankruptcy estate of Todd Hertzberg.

Both parties rely on the Marital Settlement Agreement in support of their respective positions. In this regard, the chapter 7 trustee contends that the Marital Settlement Agreement operated to convey an interest in $145,000 of the Retirement Funds to Mrs. Hertzberg, and that the chapter 7 trustee succeeded to such interest when Mrs. Hertzberg commenced her bankruptcy case. Todd Hertzberg contends that Susan Hertzberg acquired no property interest in the Retirement Funds and that the Marital Settlement Agreement merely gives rise to a general unsecured claim by the bankruptcy estate of Mrs. Hertzberg against the bankruptcy estate of Mr. Hertzberg. The outcome of these dueling positions turns on the application of non-bankruptcy law. See Butner v. United States, 440 U.S. 48 (1979).

**IV.**

A fundamental question in this case is whether, prior to her own bankruptcy filing, Mrs. Hertzberg obtained a legal or equitable interest in $145,000 of the Retirement Funds by virtue of the Marital Settlement Agreement.

As to the pure legal interest, the parties appear to concede that the $145,000 of Retirement Funds at issue have always been legally titled in the name of Todd Hertzberg. The real issue then to be considered is whether Susan Hertzberg acquired an equitable interest in the $145,000 of Retirement Funds that should be recognized by this Court with respect to the chapter 7 trustee's turnover action.

One of the maxims in equity is that equity "regards and treats as done what, in good conscience ought to be done." 2 John Norton Pomeroy, <u>A Treatise on Equity Jurisprudence</u> § 364 (1941). If what "ought to have been done" in this case was Todd Hertzberg effectuating a rollover of the Retirement Funds to the bankruptcy estate of Susan Hertzberg, then the chapter 7 trustee has an equitable interest that can be prosecuted by way of the turnover action. A determination of what "ought to have been done" turns on the plain language of the Marital Settlement Agreement and case law developed under similar circumstances.

With respect to the Marital Settlement Agreement, it contains a number of provisions that delineate the parties rights, title and interests in the Retirement Funds. Specifically, Article 4 of the Marital Settlement Agreement unequivocally conveys to Mrs. Hertzberg $145,000 of the Retirement Funds and states that the "Wife shall receive and retain as her sole and separate property, free from any claim of Husband, the following . . . a tax-free rollover from Husband's retirement accounts . . . in the amount as set forth in Article 6." <u>See</u> Marital Settlement Agreement at Article 4(B). Article 6 of the Marital Settlement Agreement then sets forth the $145,000 aggregate interest in the Retirement Funds conveyed to Mrs. Hertzberg. Consistent with this interpretation of the plain language of the document is the fact that Article 5 of the Marital Settlement Agreement also unequivocally states that "Husband shall receive and retain as his separate and sole property, free from any claim of Wife, the following . . . Husband's retirement interests– with the exception of the rollover to Wife as set forth in Article 6 . . . ."

Id. at Article 5(B).  So what is clear by these provisions is that Mrs. Hertzberg was awarded $145,000 of the Retirement Funds.

Notwithstanding this language, the debtor-in-possession makes a number of arguments contending that Mrs. Hertzberg acquired no interest in the Retirement Funds.  These arguments include: (a) assertions that Mrs. Hertzberg has no *in rem* interest, and merely has an unsecured claim against the estate of Todd Hertzberg, because the Marital Settlement Agreement contains various buy-out provisions in favor of Todd Hertzberg, and (b) assertions that Mrs. Hertzberg acquired no interest in the Retirement Funds because the Marital Settlement Agreement has not been reduced to a judgment awarding her equitable distribution of the Retirement Accounts.  Each of these arguments misses the mark.

The Court observes that the chapter 7 trustee has attached to her brief a copy of a divorce decree dated November 8, 2010.  While not attached to the complaint, the Court will take judicial notice of its contents. See e.g., Mitchell v. Home, 377 F.Supp. 2d 361, 368 (S.D.N.Y. 2005)(citing Taylor v. Vermont Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002)(permissible to take judicial notice of public documents, such as a divorce decree).

This divorce decree undermines the defendant's claim that Mrs. Hertzberg acquired no interest in the Retirement Funds.  The Court reaches this conclusion because the November 8, 2010 divorce decree states that the "[Marital Settlement Agreement] and the conditions, terms, and covenants contained therein be and

are hereby incorporated herein by reference." Having reached agreement to the economic terms of their divorce, and having the Marital Settlement Agreement incorporated into a divorce decree (assuming such a provision is even necessary),[4] it is axiomatic that Mrs. Hertzberg became vested in $145,000 of the Retirement Funds. See Myers v. Myers, 580 A.2d 384, 385 (Pa. Super. 1990).

That Mrs. Hertzberg acquired an interest in the Retirement Funds is further supported by the case of Polliard v. Polliard (In re Polliard), 152 B.R. 51 (Bankr. W.D. Pa. 1993). In In re Polliard, Judge Bentz held that where equitable distribution is not determined prior to the commencement of a bankruptcy case, the non-debtor spouse merely has an unsecured claim against the bankruptcy estate. Id. at 53-54.[5] Judge Bentz' opinion therefore suggests that if economic terms are decided by a domestic relations court, or agreed to by the parties, prior to the commencement of the bankruptcy case, the non-debtor spouse would have an *in rem* interest and not merely an unsecured claim. This Court sees no reason why such a result would not be the case. See e.g., Verner v. Verner (In re Verner), 318 B.R. 778, 787-790 (Bankr. W.D. Pa. 2005); Roshan v. Nouri (In re Nouri), 304 B.R. 155, 160-165 (Bankr. M.D. Pa. 2003); see also Gendreau v. Gendreau (In re

---

[4] See Lyons v. Lyons, 585 A.2d 42, 45 (Pa. Super. 1991)(property settlement agreements are enforceable in Pennsylvania just like any contract).

[5] See also Brown v. Pitzer, 249 B.R. 303, 308 (S.D. Ind. 2000), In re Allen, No. 11-27569, 2011 WL 5900814 (Bankr. D.N.J. Oct. 17, 2011) and In re Trout, No. 05-19591, 2006 WL 4452826 (Bankr. D.N.J. Feb. 1, 2006), where, under similar circumstances, the courts held that the non-debtor spouse had an equitable interest in the subject property and that the payor spouse held the assets in constructive trust for the benefit of the payee spouse.

Gendreau), 122 F.3d 815, 818 (9th Cir. 1997); Lowenschuss v. Selnick (In re Lowenschuss), 170 F.3d 923, 930 (9th Cir. 1999).

The Court also observes that the Marital Settlement Agreement contains provisions that permit Mr. Hertzberg to essentially buy-out Mrs. Hertzberg's interest in the Retirement Accounts.  The debtor-in-possession, however, has produced no authority supporting any theory that these buy-out provisions somehow "knock out" the granting or conveyance provisions set forth in the Marital Settlement Agreement; nor has this Court located any case supporting such a proposition.[6]

In any event, whether the buy-out provisions have been performed or executed remain an issue of fact to be determined another day.  We are in the pleading stage of this case, and the chapter 7 trustee has averred allegations sounding in turnover that are "plausible."  As such, the chapter 7 trustee has stated in her complaint a claim for which relief may be granted.

**V.**

The fraudulent transfer provisions of the chapter 7 trustee's complaint are problematic.  Devoid from the complaint are any allegations with respect to a transfer of assets away from Todd Hertzberg to the detriment of Mrs. Hertzberg.  Indeed, the crux of the chapter 7 trustee's complaint is that Todd Hertzberg has

---

[6] A buy-out provision may give rise to a claim. See Brugger v. Brugger (In re Brugger), 254 B.R. 321 (Bankr. M.D. Pa. 2000).  But, the non-debtor spouse may also have an *in rem* interest.  Having such an *in rem* interest is not, under every circumstance, mutually exclusive from having a claim against a bankruptcy estate. See Verner, 318 B.R. at 789.

not effectuated the rollover of Retirement Funds contemplated by the Marital Settlement Agreement.

To state the obvious, pleading the lack of a transfer cannot be sufficient to plead the existence of a transfer (whether fraudulent or not). The debtor-in-possession's *Motion to Dismiss* in this regard has merit. Consequently, the chapter 7 trustee's fraudulent transfer counts will be dismissed, without prejudice to the chapter 7 trustee's ability to amend her Complaint.

## VI.

Even if the chapter 7 trustee states a claim for relief for turnover of the $145,000 of Retirement Funds, defendant Todd Hertzberg contends that the causes of action asserted by the plaintiff are stayed by the automatic stay of 11 U.S.C. § 362(a). While the debtor-in-possession may be technically correct as to the application of the stay, this Court concludes that the stay should not be used by Mr. Hertzberg as a sword that improves his property rights vis-a-viz the bankruptcy estate of Mrs. Hertzberg. Relief from the stay is therefore appropriate under the unique facts of this adversary proceeding. In re Draushak, 481 B.R. at 346 (bankruptcy courts are empowered to *sua sponte* lift the stay).

Acts against the debtor or property of the debtor or his estate are stayed by operation of 11 U.S.C. § 362(a). This is true even when the property is merely "arguably" property of the debtor or his estate. See Bohm v. Howard (In re Howard), 422 B.R. 593, 606-607 (Bankr. W.D. Pa. 2010)(citing In re Levenstein, 371 B.R. 45, 47 (Bankr. S.D.N.Y. 2007).

The purpose of the stay is to preserve the *status quo*– to provide the debtor with breathing room while the debtor reorganizes his affairs and pursues the permanent injunction as to dischargeable *in personam* claims. The purpose of the stay is also so to avoid unilateral dismemberment of the estate by rogue creditors to the detriment of other parties having an interest in the outcome of a bankruptcy. Mann v. Chase Manhattan Mortg. Corp., 316 F.3d 1, 3 (1st Cir. 2003)("automatic stay provision is designed to forfend against the disorderly, piecemeal dismemberment of the debtor's estate outside of the bankruptcy proceedings.")

What is evident is that the automatic stay is a powerful component of relief afforded under the Bankruptcy Code. But, the stay does have its limitations.

The law provides that the automatic stay is a temporary injunction. It provides the debtor with respite from creditor collection activity until the earlier of the entry of an order granting relief from the stay, the date the case is closed or dismissed, or the date a debtor is granted a discharge.

Section 362(d) of the Bankruptcy Code also states that the stay may be lifted for "cause" shown. See 11 U.S.C. § 362(d). "Cause" is not defined in the Bankruptcy Code; therefore it us up to the discretion of the Court to determine whether the technical imposition of the stay should remain in place to bar the instant action from proceeding forward.

Canvassing the totality of the circumstances,[7] this Court concludes that annulling the stay to permit this adversary proceeding to go forward is appropriate.

The fact that the chapter 7 trustee has averred a *prima facie* case as to her equitable interest in $145,000 of the Retirement Funds is a significant factor for the Court's decision. See e.g., In re Aultman, 223 B.R. 481 (Bankr. W.D. Pa. 1998)(lifting of the stay is appropriate when the debtor had bare legal title to property and non-debtor party owned the equitable interest in the subject property). In fact, 11 U.S.C. § 362(c)(1) states unequivocally that the automatic stay is terminated as a matter of law as to property when such property ceases to be property of the bankruptcy estate. This is exactly one of the components that the chapter 7 trustee of the estate of Susan Hertzberg will attempt to prove in this adversary proceeding vis-a-viz the estate of Todd Hertzberg.

The fact that the filing of a bankruptcy does not enhance a debtor's state law property rights in the absence of a specific Bankruptcy Code provision providing otherwise is another factor favoring the annulment of the automatic stay. See e.g., Gendreau, 122 F.3d at 819 ("Bankruptcy recognizes state property rights, and filing bankruptcy cannot give a debtor a greater interest in an asset

---

[7] In canvassing the totality of the circumstances to determine whether the automatic stay should be anulled, this Court considered many factors including (i) any prejudice suffered by the debtor-in-possession and his estate if the stay is lifted, (ii) the balancing of hardships between the parties, and (iii) the probability of success on the merits if the stay is lifted. In re Peregrine Systems, Inc., 314 B.R. 31, 47 (Bankr. D. Del. 2004), aff'd in part, rev'd in part on other grounds, 2005 WL 2401955 (D. Del. Sept. 29, 2005).

than that which he owned pre-bankruptcy.")

Finally, the fact that this Court can dispose of the litigation and recognize the competing interests of the various bankruptcy estates and other parties-in-interest is another circumstance supporting annulment of the stay.

In essence, the debtor-in-possession suffers no real prejudice by the continuation of this adversary proceeding. This Court is more than capable of overseeing the litigation to insure that the debtor-in-possession can obtain his "fresh start" and not obtain an impermissible "head start" to the detriment of other parties-in-interest who may have an enforceable equitable interest against the Retirement Funds. Of course, the ultimate determination of the *bona fides* of any equitable interest in the Retirement Funds at issue is left for another day. All that the Court is doing herein is annulling the stay to permit this adversary proceeding to go forward.

## VII.

For all of the reasons set forth above, the Court concludes that (a) the chapter 7 trustee has stated a claim for turnover of $145,000 of the Retirement Funds, and (b) the chapter 7 trustee has not stated a claim for relief as to causes of action sounding in fraudulent transfer (whether under the Bankruptcy Code or applicable state law). As a result, the debtor-in-possession's *Motion to Dismiss* shall be denied as to the chapter 7 trustee's cause of action for turnover pursuant to 11 U.S.C. §§ 541 and 542. The debtor-in-possession's *Motion to Dismiss*, however, shall be granted (without prejudice to the chapter 7 trustee's ability to

re-plead) with respect to the plaintiff's fraudulent transfer causes of action. In addition, the automatic stay of 11 U.S.C. § 362 is hereby annulled for purposes of the commencement, litigation, trial, and appeal (if any) of this adversary proceeding.

    An appropriate Order shall be entered.

November 4, 2014  /s/ Jeffery A. Deller
    Jeffery A. Deller
    Chief U.S. Bankruptcy Judge

Case Administrator to Serve:

David Fuchs, Esquire
Counsel to the Debtor-in-Possession
  Todd Hertzberg

Rosemary Crawford, Esquire
Chapter 7 Trustee for the Bankruptcy Estate of
  Susan Hertzberg

Office of the U.S. Trustee

FILED
11/4/14 4:41 pm
CLERK
U.S. BANKRUPTCY
COURT - PGH

00014056    -16-