**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy No. 13-23753-JAD |
| TODD HERTZBERG, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| X | |
| ) | |
| ROSEMARY C. CRAWFORD, ) | Adversary No. 14-2141-JAD |
| Trustee for the Bankruptcy ) | |
| Estate of Susan Hertzberg, ) | Related to Dkt. #1 |
| ) | |
| Plaintiff, ) | |
| ) | |
| - v - ) | |
| ) | |
| TODD HERTZBERG, ) | |
| ) | |
| Defendant. ) | |
| X | |

**MEMORANDUM OPINION**

In this adversary proceeding, one bankruptcy estate has sued the other. The overlapping nature of the bankruptcy estates' alleged interests, coupled with the possible competing interest of the individual chapter 7 debtor, necessitates the issuance of this *Memorandum Opinion* and related *Order*.

**I.**

The plaintiff, Rosemary C. Crawford, is the duly appointed chapter 7 trustee for the bankruptcy estate of Susan Hertzberg. Miss Crawford is the plaintiff to this action and Susan Hertzberg is not a named party to it.

Mrs. Hertzberg is the former spouse of the debtor-in-possession, Mr. Todd

Hertzberg. Mrs Hertzberg and Mr. Hertzberg were divorced prior to the commencement of each of their respective cases.

The divorce decree approved by the state court in the Hertzberg divorce proceeding incorporated a Marital Settlement Agreement, which the chapter 7 trustee contends entitles her to recover $145,000 of retirement funds (the "Retirement Funds"). These funds are in the possession, custody and control of Mr. Hertzberg. It is these funds which form the basis of the chapter 7 trustee's adversary proceeding against the debtor-in-possession, Mr. Hertzberg.

By *Memorandum Opinion* and *Order* dated November 4, 2014, this Court denied, in part, the debtor-in-possession's *Motion to Dismiss*.[1] In reaching its decision, the Court concluded that the chapter 7 trustee stated a "plausible" claim for relief for turnover. The Court also annulled the automatic stay so that this litigation could continue.

Denying the *Motion to Dismiss*, however, does not necessarily translate into a conclusion that the chapter 7 trustee's complaint should proceed past the pleading stage. The continuation of this adversary proceeding beyond the pleading stage is dependent upon the chapter 7 trustee demonstrating to the Court sufficient standing to prosecute this action.

---

[1] See Crawford v. Hertzberg (In re Hertzberg), ___ B.R. ___, Adv. No. 14-2141JAD, 2014 WL 5690567 (Bankr. W.D. Pa. Nov. 4, 2014). The Court's *Memorandum Opinion* and *Order* is incorporated herein by reference.

## II.

Like all federal courts, bankruptcy courts are courts of limited subject-matter jurisdiction.  Being a court of limited subject-matter jurisdiction, this Court has a "continuing obligation to examine [its] subject-matter jurisdiction throughout the pendency" of the action. Mich. Emp't Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.), 930 F.2d 1132, 1137 (6th Cir. 1991).

Standing is a prerequisite for subject-matter jurisdiction, and requires a party to allege an actual case or controversy. O'Shea v. Litttleton, 414 U.S. 488, 493-94 (1974).  Whether a person has standing from a "case or controversy" perspective turns on whether the plaintiff has a sufficient "personal stake in the outcome of the controversy as to warrant" the invocation of federal jurisdiction. See Newport Acquisition Co. No. 1, LLC v. Shiro (In re C-Power Prods, Inc.), 230 B.R. 800, 804  (Bankr. N.D. Tex. 1998).

To satisfy the standing requirements imposed by Article III of the U.S. Constitution, a plaintiff:

> [M]ust show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000).  With these standards in mind, this Court has concerns as to whether the plaintiff has a sufficient "injury in fact" giving rise to a "personal stake" in the outcome of these proceedings.

**III.**

In <u>Patterson v. Shumate</u>, 504 U.S. 753 (1992), the U.S. Supreme Court held that retirement plans containing a legally enforceable "anti alienation clause" are not "property of the estate" pursuant to 11 U.S.C. § 541(c)(2).[2] In addition, debtors in bankruptcy have various exemption rights with respect to retirement funds, including (but not limited to) the exemptions found at 11 U.S.C. §§ 522(b)(3)(C)[3], 522(d)(10)(E)[4] and 522(d)(12)[5].

---

[2] 11 U.S.C. §541 states, in relevant part:

(a) The commencement of a case . . . creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
    (1) Except as provided in subsection (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case. . . .

(c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1),(a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law ---
    (A) that restricts or conditions transfer of such interest by the debtor; ...
  (2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

[3] 11 U.S.C. §522(b)(3)(c) states, in relevant part:

(b)(1) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection. . .
  (3) Property listed in this paragraph is
    (C) retirement funds to the extent that those funds are in a fund or account that is exempt
    from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal
    Revenue Code of 1986.

[4] 11 U.S.C. §522(d)(10)(E) states, in relevant part:

(d) The following property may be exempted under subsection (b)(2) of this section:
    (10) The debtor's right to receive ---
        (E) a payment under a stock bonus, pension, profit sharing, annuity, or similar
        plan or contract on account of illness, disability, death, age, or length of service,
        to the extent reasonably necessary for the support of the debtor and any
        dependent of the debtor, unless ---

(continued...)

The net effect of the operation of Sections 541(c)(2) and 522 of the Bankruptcy Code is that retirement funds in some instances may not fall within the ambit of the generalized "property of the estate" provision set forth in 11 U.S.C. § 541(a)(1). This distinction is important as the Court, in its November 4, 2014 *Memorandum Opinion* and *Order*, reached no conclusion as to whether Mrs. Hertzberg has any exemption rights under 11 U.S.C. §§ 541(c)(2) and 522. The parties also never addressed this issue in the first instance.

What causes the Court concern is that Mrs. Hertzberg is not a party to these proceedings. Nor has Mrs. Hertzberg and her legal counsel received any notice that the chapter 7 trustee is seeking to liquidate the $145,000 of Retirement Funds. The proverbial train therefore appears to be leaving the station, albeit without notice to passengers who may want to board it.

It would seem that Mrs. Hertzberg may be a party-in-interest to these proceedings, and may conceivably be a necessary and indispensable party pursuant to Fed.R.Bankr.P. 7019 (which, in-turn, adopts Fed.R.Civ.P. 19). This

---

[4](...continued)
    (i) such plan or contract was established by . . . an insider that employed the debtor . . .
    (ii) such payment is on account of age or length of service; and
    (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b) or 408 of the Internal Revenue Code of 1986.

[5] 11 U.S.C. §522(d)(12) states, in relevant part:

(d) The following property may be exempted under subsection (b)(2) of this section:
    (12) Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457 or 501(a) of the Internal Revenue Code of 1986.

view makes sense because the Court concluded in its November 4, 2014 *Memorandum Opinion* the following:

> A fundamental question in this case is whether, prior to her own bankruptcy filing, Mrs. Hertzberg obtained a legal or equitable interest in $145,000 of the Retirement Funds by virtue of the Marital Settlement Agreement.
>
> As to the pure legal interest, the parties appear to concede that the $145,000 of Retirement Funds at issue have always been legally titled in the name of Todd Hertzberg. The real issue then to be considered is whether Susan Hertzberg acquired an equitable interest in the $145,000 of Retirement Funds that should be recognized by this Court with respect to the chapter 7 trustee's turnover action.
>
> One of the maxims in equity is that equity "regards and treats as done what, in good conscience ought to be done." 2 John Norton Pomeroy, A Treatise on Equity Jurisprudence § 364 (1941). If what "ought to have been done" in this case was Todd Hertzberg effectuating a rollover of the Retirement Funds to the bankruptcy estate of Susan Hertzberg, then the chapter 7 trustee has an equitable interest that can be prosecuted by way of the turnover action. A determination of what "ought to have been done" turns on the plain language of the Marital Settlement Agreement and case law developed under similar circumstances.
>
> With respect to the Marital Settlement Agreement, it contains a number of provisions that delineate the parties rights, title and interests in the Retirement Funds. Specifically, Article 4 of the Marital Settlement Agreement unequivocally conveys to Mrs. Hertzberg $145,000 of the Retirement Funds and states that the "Wife shall receive and retain as her sole and separate property, free from any claim of Husband, the following . . . a tax-free rollover from Husband's retirement accounts . . . in the amount as set forth in Article 6." See Marital Settlement Agreement at Article 4(B). Article 6 of the Marital Settlement Agreement then sets forth the $145,000 aggregate interest in the Retirement Funds conveyed to Mrs. Hertzberg. Consistent with this interpretation of the plain language of the document is the fact that Article 5 of the Marital Settlement Agreement also unequivocally states that "Husband shall receive and retain as his separate and sole property, free from any claim of Wife, the following . . . Husband's retirement interests– with the exception

of the rollover to Wife as set forth in Article 6 . . . ." Id. at Article 5(B). So what is clear by these provisions is that Mrs. Hertzberg was awarded $145,000 of the Retirement Funds.

Notwithstanding this language, the debtor-in-possession makes a number of arguments contending that Mrs. Hertzberg acquired no interest in the Retirement Funds. These arguments include: (a) assertions that Mrs. Hertzberg has no *in rem* interest, and merely has an unsecured claim against the estate of Todd Hertzberg, because the Marital Settlement Agreement contains various buy-out provisions in favor of Todd Hertzberg, and (b) assertions that Mrs. Hertzberg acquired no interest in the Retirement Funds because the Marital Settlement Agreement has not been reduced to a judgment awarding her equitable distribution of the Retirement Accounts. Each of these arguments misses the mark.

The Court observes that the chapter 7 trustee has attached to her brief a copy of a divorce decree dated November 8, 2010. While not attached to the complaint, the Court will take judicial notice of its contents. See e.g., Mitchell v. Home, 377 F.Supp. 2d 361, 368 (S.D.N.Y. 2005)(citing Taylor v. Vermont Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002)(permissible to take judicial notice of public documents, such as a divorce decree).

This divorce decree undermines the defendant's claim that Mrs. Hertzberg acquired no interest in the Retirement Funds. The Court reaches this conclusion because the November 8, 2010 divorce decree states that the "[Marital Settlement Agreement] and the conditions, terms, and covenants contained therein be and are hereby incorporated herein by reference." Having reached agreement to the economic terms of their divorce, and having the Marital Settlement Agreement incorporated into a divorce decree (assuming such a provision is even necessary), it is axiomatic that Mrs. Hertzberg became vested in $145,000 of the Retirement Funds. See Myers v. Myers, 580 A.2d 384, 385 (Pa. Super. 1990).

That Mrs. Hertzberg acquired an interest in the Retirement Funds is further supported by the case of Polliard v. Polliard (In re Polliard), 152 B.R. 51 (Bankr. W.D. Pa. 1993). In In re Polliard, Judge Bentz held that where equitable distribution is not determined prior to the commencement of a bankruptcy case, the non-debtor spouse merely has an unsecured claim against the bankruptcy estate. Id. at 53-54. Judge Bentz' opinion therefore suggests that if

> economic terms are decided by a domestic relations court, or agreed to by the parties, prior to the commencement of the bankruptcy case, the non-debtor spouse would have an *in rem* interest and not merely an unsecured claim. This Court sees no reason why such a result would not be the case. See e.g., Verner v. Verner (In re Verner), 318 B.R. 778, 787-790 (Bankr. W.D. Pa. 2005); Roshan v. Nouri (In re Nouri), 304 B.R. 155, 160-165 (Bankr. M.D. Pa. 2003); see also Gendreau v. Gendreau (In re Gendreau), 122 F.3d 815, 818 (9th Cir. 1997); Lowenschuss v. Selnick (In re Lowenschuss), 170 F.3d 923, 930 (9th Cir. 1999).
>
> The Court also observes that the Marital Settlement Agreement contains provisions that permit Mr. Hertzberg to essentially buy-out Mrs. Hertzberg's interest in the Retirement Accounts. The debtor-in-possession, however, has produced no authority supporting any theory that these buy-out provisions somehow "knock out" the granting or conveyance provisions set forth in the Marital Settlement Agreement; nor has this Court located any case supporting such a proposition.
>
> In any event, whether the buy-out provisions have been performed or executed remain an issue of fact to be determined another day. We are in the pleading stage of this case, and the chapter 7 trustee has averred allegations sounding in turnover that are "plausible." As such, the chapter 7 trustee has stated in her complaint a claim for which relief may be granted.

See Hertzberg, 2014 WL 5690567, at *3-6 (footnotes omitted).

Heightening the concern of the Court is that, subject to whatever buy-out defense Mr. Hertzberg may have, Mrs. Hertzberg's interest in the $145,000 of Retirement Funds vested prior to the commencement of each of the bankruptcy cases filed by Mrs. And Mr. Hertzberg, respectively. Id. at *5 (citing Myers v. Myers, 580 A.2d 384, 385 (Pa. Super. 1990)). As a result, this case stands in quite contrast to the cases of Walsh v. Burgeson (In re Burgeson), 504 B.R. 800 (Bankr. W.D. Pa. 2014) and Walsh v. Urmann (In re Urmann), \_\_ B.R. \_\_, 11-

21606CMB, 2014 WL 1491328 (Bankr. W.D. Pa. Apr. 15, 2014), aff'd, ___ B.R. ___, C.A. 14-718, 2014 WL 5440736 (W.D. Pa. Oct. 24, 2014).

In both Burgeson and Urmann, the debtor had no vested right to the pension interests at issue. Without a vested right, the debtors in Burgeson and Urmann merely had a claim for equitable distribution that could be liquidated by the chapter 7 trustee.

The matter *sub judice* stands on different footing than Burgeson and Urmann because this case involves a vested interest of Mrs. Hertzberg. If her interest in the $145,000 of Retirement Funds is superior to the interest of the chapter 7 trustee, then the chapter 7 trustee lacks either an "injury in fact" or a sufficient "personal stake" in the outcome of this proceeding to warrant the invocation of federal jurisdiction. The chapter 7 trustee is therefore required to demonstrate to the Court that her interests have somehow cut-off or superceded the interests of Mrs. Hertzberg in the $145,000 of Retirement Funds.

**IV.**

For the reasons set forth above, a rule to show cause shall be issued whereby the plaintiff shall demonstrate to the Court the basis for federal subject-matter jurisdiction over these proceedings.

An appropriate Order shall be entered.

November 13, 2014                    /s/ Jeffery A. Deller
                                     Jeffery A. Deller
                                     Chief U.S. Bankruptcy Judge

FILED
11/13/14 1:58 pm
CLERK
U.S. BANKRUPTCY
COURT - PGH

00014104

Case Administrator to Serve:

David Fuchs, Esquire
Counsel to the Debtor-in-Possession
  Todd Hertzberg

Rosemary Crawford, Esquire
Chapter 7 Trustee for the Bankruptcy Estate of
  Susan Hertzberg

Mary Bower Sheats, Esquire
Counsel to Susan Hertzberg

Office of the U.S. Trustee